JACOB KOCAR, APPELLEE, v. JAMES WHELAN, APPELLANT.

FILED MAY 17, 1918. No. 20017.

1. **Appeal: INSTRUCTIONS: SUFFICIENCY.** A judgment will not be set aside because a more accurate statement of the law might have been made than that contained in the instructions, when from a consideration of the instructions as a whole no prejudicial error appears.

2. **Assault and Battery: EXCESSIVE DAMAGES.** Evidence examined, and the amount of recovery *held* to be so excessive as to require a remittitur.

APPEAL from the district court for Douglas county. WILLIAM A. REDICK, JUDGE. *Affirmed on condition.*

· *I. J. Dunn,* for appellant.

*J. E. Von Dorn, contra.*

Morrissey, C. J.

Plaintiff recovered a judgment for personal injuries received at the hands of defendant. Defendant called at plaintiff's house for the purpose of collecting rent. Plaintiff appears to have provoked the fight that ensued. If defendant is liable at all, it is because he exercised too much force in repelling the assault.

The assignments of error deal chiefly with the instructions. The criticism is directed to a statement wherein the jury are told: ''That the defendant would not be justified in using any more force than was reasonably necessary under the circumstances to repel an assault by plaintiff, and, if he did use more than necessary force, defendant would be liable for any injuries to plaintiff attributable to such excessive force.'' In substance, this statement is repeated in three separate paragraphs of instructions. Complaint is made that the instruction does not specifically state that, if defendant believed he was in danger of assault, or about to be assaulted, and was in danger of receiving bodily harm from such assault, his right to defend himself was not measured by the actual danger, but that he had the right to do all that seemed to be necessary, as viewed by an ordinarily reasonable man under the circumstances and surroundings at the time. This is the general rule. But in instruction No. 7, given by the court on its own motion, the court pointed out to the jury the right of defendant to defend himself, to repel force with force, if the circumstances and surroundings were such that he had the right to believe himself in danger. When the instructions are considered together in connection with the evidence adduced, it does not appear that the instructions complained of are so prejudicially erroneous that we can say they misled the jury or call for a reversal of the judgment.

There is a sharp conflict in the testimony on the principal point involved. Plaintiff is corroborated by his wife and daughter, while to a great extent defendant is corroborated by the testimony of disinterested witnesses. Defendant's witnesses, however, were not in position to see the parties at the time the hostilities began. Defendant offered to prove that, before the date of the trouble, plaintiff had made threats against his life, and that these threats had been communicated to him. The court excluded this offer of proof. These threats are alleged to have been made a year or two prior to the trouble. In the meantime plaintiff had done nothing towards carrying these threats into effect. If the defendant had knowledge of the threats, it is evident he did not regard them seriously. He testified that there had been no serious difficulty between himself and plaintiff; their relations appeared to have been amicable; he went alone and unarmed to plaintiff's residence the day this fight occured, and his general course of conduct was such that it cannot in reason be said that his mind was influenced by any stories that had been carried to him. We cannot believe that the proof offered, if received, would have influenced the jury in arriving at its verdict.

The final assignment, "The verdict is excessive," appeals to us with more force. No permanent injury, so far as we can see, was inflicted on the plaintiff. He suffered a severe beating. Two ribs were fractured, his face was bruised and cut. He claimed to have sustained a severe nervous shock. He claimed to have suffered a hernia, but this claim is not borne out by the testimony of his own medical expert. Plaintiff's condition had so far improved at the time of the trial that the verdict, which was for $1,990.08, seems excessive. If plaintiff will file a remittitur in this court within 20 days of all in excess of $1,000, the judgment will be affirmed; otherwise, reversed.

AFFIRMED ON CONDITION.

LETTON, J., not sitting.